IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Cr. Action No.06-47-JJF |
| IGAL SHRON LEVY, | : | |
| Defendant. | : | |

**MOTION FOR DISCOVERY**

COMES NOW Defendant, IGAL SHARON LEVY, by and through his attorney RAYMOND M. RADULSKI, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and makes this motion that the Government be required to allow counsel for the Defendant to inspect, copy or photograph any and all statements of the Defendant which may be discovered in accordance with Rule 16(a)(1)(A); to furnish counsel for the Defendant a copy of any prior criminal record of the Defendant in accordance with Rule 16(a)(1)(b); to permit counsel for the Defendant to inspect, copy or photograph any and all documents and tangible objects which may be discovered pursuant to Rule 16(a)(1)(A); and to permit counsel for the Defendant to inspect, copy or photograph any results or reports of examinations, or tests, pursuant to Rule 16(a)(1)(D).

/S/ Raymond M. Radulski
RAYMOND M. RADULSKI, ESQUIRE
#332
1225 N. King Street, #301
Wilmington, DE 19802
Attorney for Defendant,
IGAL SHARON LEVY

Dated: July 10, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
v. :Cr. Action No. 06-47-JJF
:
IGAL SHARON LEVY, :
:
Defendant. :

**ORDER**

The Defendant, IGAL SHARON LEVY'S, Motion For Discovery having been heard and considered,

ORDERED this ____ day of ______________, A.D., 2006, that the Government shall provide copies of any and all material requested pursuant to Defendant's Motion.

______________________________
J.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
:
Plaintiff, :
:
v. :Cr. Action No. 06-47-JJF
:
IGAL SHARON LEVY, :
:
Defendant. :

**CERTIFICATE OF COUNSEL**

COMES NOW, Raymond M. Radulski, Court appointed counsel for Defendant, IGAL SHARON LEVY, and respectfully submits this Certificate in accordance with Rule 5(d)(2) of the local Rules of Criminal Procedure.

1. On July 20, 2006, the undersigned communicated with AUSA Christopher Burke, regarding discovery. Mr. Burke previously furnished discovery materials in this matter. It is anticipated that he will forward any additional appropriate discovery materials to the defense.

2. Counsel for the Defendant, IGAL SHARON LEVY, anticipates that the Government may have or obtain additional evidence which it will seek to use in its case against the Defendant.

WHEREFORE, counsel for Defendant, IGAL SHARON LEVY, believes that he has complied with Rule 5(d)(2) of the local Rules of Criminal Procedure and that he is entitled to discovery under F.R. Cr. P. 7(f) and 16(a).

/S/ Raymond M. Radulski
RAYMOND M. RADULSKI, ESQUIRE
#332
1225 N. King Street, #301
Wilmington, DE 19801
(302) 658-9388
Attorney for Defendant,
IGAL SHARON LEVY

Dated: July 10, 2006

**LAW OFFICE OF RAYMOND M. RADULSKI**
**Legal Arts Building, Suite 301**
**1225 N. King Street**
**Wilmington, DE 19801**

Telephone
(302) 658-9388

Fax
(302) 658-5378

July 10, 2006

Christopher Burke, Esquire
Assistant United States Attorney
U. S. Department of Justice
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046

Re: United States v. Igal Sharon Levy
Criminal Action No. 06-47-JJF

Dear Mr. Burke:

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and Brady v. Maryland, 373 U.S. 83 (1963), I am requesting that you provide me with the following information within the possession, custody, or control of the Government or the existence of which is known or by the exercise of due diligence could become known to the Government.

1. A copy of all written or recorded statements or confessions made by the defendant(s), or by any juvenile or adult co-defendant(s), including a copy of all notes recorded by any police officer or other agent contemporaneous to any oral statements or confessions made by the defendant(s) or co-defendant(s).

2. A written statement relating to the substance of any oral statements made by the defendant(s) and not recorded as set for in 1., above, which the Government intends to offer in evidence which were made by the defendant(s), in response to interrogation by any person then known to the defendant(s) to be a Government agent.

3. A copy of all written reports of any scientific analyses conducted in connection with the above-captioned case, including a listing of any analyses for which a report was not filed.

4. A copy of all written reports of any physical or psychological examination of the defendant(s) or of any alleged victim.

5. A copy of any memorialized testimony of the defendant(s) before the Federal Grand Jury relating to the above case.

Christopher Burke, Esquire
Page Two
July 10, 2006

In addition to the above, I would appreciate your providing the following:

6. A statement as to the approximate time and location of the alleged offense(s) in the above case.

7. In addition, a statement as to the date, the approximate time and location of the defendant(s)' arrest, the name(s) of the arresting officer(s) or other Government agent(s), and the name of the agency which he (they) are associated.

8. Copies of all executed warrants of arrest and all executed search warrants relating to the above-captioned case, including all affidavits and warrant returns.

9. A statement as to the involvement of any confidential informant(s), if applicable.

10. The names of the police officers or other Government agents involved in the investigation of the above case and the agencies with which they are associated.

11. A statement as to the date, time and location of any and all line-ups, photographic or show-up identifications (or attempted identifications) of the defendant(s) in connection with the above case.

12. An opportunity pursuant to Jencks v. U.S., 353 U.S. 657 (1957), to review reports and statements, whether oral, written or recorded, made by persons who will testify at trial, regardless of whether the individual used the statement or report to prepare for examination. I would appreciate it if you could share this information with me prior to trial in order to avoid delay prior to cross-examination.

13. A disclosure as to the utilization of any electronic or other mechanical surveillance device, if applicable.

14. An opportunity to inspect all items which the Government intends to offer in evidence, but not limited to, any documents, photographs, weapons, clothing, diagrams, or similar tangible objects.

15. A copy of the prior criminal record of the defendant(s)

16. A copy of grand jury testimony relating to this case.

Very truly yours,

/s/ Raymond M. Radulski
Raymond M. Radulski

RMR:sr

cc: Clerk, United States District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Cr. Action No. 06-47-JJF |
| IGAL SHARON LEVY, | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I electronically filed Defendant IGAL SHARON LEVY's Motion For Discovery and Brady Letter with the Clerk of Court using CM/ECF which will send notification of such filing to the following: First AUSA Christopher Burke, 1007 Orange Street, 7th Floor, Wilmington, Delaware.

/S/ Raymond M. Radulski
RAYMOND M. RADULSKI, ESQUIRE
ID #332
Legal Arts Building, Suite 301
1225 North King Street
Wilmington, DE 19801
(302) 658-9388
rradulskiesq@aol.com
Attorney for Defendant
IGAL SHARON LEVY

Dated: July 10, 2006